■ SHELLY M. WHITFIELD-ORTIZ, Appellant, v DEPARTMENT OF EDUCATION OF CITY OF NEW YORK et al., Respondents, et al., Defendant. [984 NYS2d 327]—

Order, Supreme Court, New York County (Arthur F. Engoron,

J.), entered December 12, 2012, which, to the extent appealed from as limited by the briefs, granted defendants-respondents' motion to dismiss the discrimination, hostile environment, and retaliation claims under the State and City Human Rights Laws (HRL) (Executive Law § 290 *et seq.*; Administrative Code of City of NY § 8-101 *et seq.*), and denied plaintiff's cross motion to amend the complaint, unanimously affirmed, without costs.

Construing the complaint liberally, presuming its factual allegations to be true, and according it the benefit of every possible favorable inference (*see 511 W. 232nd Owners Corp. v Jennifer Realty Co.*, 98 NY2d 144, 151-152 [2002]), plaintiff failed to adequately plead that she was subjected to an adverse employment action (*see Melman v Montefiore Med. Ctr.*, 98 AD3d 107, 113 [1st Dept 2012]). Indeed, none of the allegations listed in the complaint rises to the level of an actionable adverse employment action (*see Forrest v Jewish Guild for the Blind*, 3 NY3d 295, 306-307 [2004]). Accordingly, the motion court properly dismissed her discrimination claims.

Plaintiff also failed to adequately plead discriminatory animus, which is fatal to both her discrimination and hostile environment claims (*see Askin v Department of Educ. of the City of N.Y.*, 110 AD3d 621, 622 [1st Dept 2013]). Indeed, the complaint contains no allegations of any comments or references to plaintiff's age or race made by any employee of defendants. Nor does it contain any factual allegations demonstrating that similarly situated individuals who did not share plaintiff's protected characteristics were treated more favorably than plaintiff (*see id.*). The complaint's conclusory allegations of a hostile environment are insufficient to state a claim under either the State or City HRL (*see Williams v New York City Hous. Auth.*, 61 AD3d 62, 80 [1st Dept 2009], *lv denied* 13 NY3d 702 [2009]; *Forrest*, 3 NY3d at 310-311).

The court also properly dismissed plaintiff's retaliation claims, as she failed to plead any facts regarding when the alleged retaliatory incidents occurred or how those incidents were causally connected to any protected activity (*see Williams v New York City Hous. Auth.*, 61 AD3d 62, 71-72 [1st Dept 2009], *lv denied* 13 NY3d 702 [2009]). She also did not state the substance of her alleged complaints, to whom she allegedly complained, or when such complaints were made.

The motion court properly denied the cross motion to amend the complaint, because the proposed amendment failed to correct the deficiencies in the original complaint (*see Sharon Ava & Co. v Olympic Tower Assoc.*, 259 AD2d 315, 316 [1st Dept 1999]). In addition, to the extent the proposed amendment

contained allegations concerning incidents that occurred before January 25, 2011, the court properly found that those claims were time-barred (*see* Education Law § 3813 [2-b]). Concur—Renwick, J.P., Moskowitz, DeGrasse, Manzanet-Daniels and Feinman, JJ.